IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TRANSPECOS FOODS, L.P. | § | Case No. 11-31124 |
| | § | Chapter 11 |
| Debtor. | § | |

## MOTION TO AUTHORIZE THE SALE OF SUBSTANTIALLY ALL OPERATING ASSETS RELATED TO THE DEBTOR'S BUSINESS FREE AND CLEAR OF LIENS, INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363 AND FOR AUTHORITY TO ENTER INTO A SUPPLY AGREEMENT TO ALLOW THE CONTINUED OPERATION OF DEBTOR'S BUSINESS AFTER THE SALE AND MEMORANDUM OF POINTS AND AUTHORITIES

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

TransPecos Foods, L.P. (hereinafter referred to as "TPF" or the "Debtor"), as Debtor and Debtor-in-Possession, hereby files this its Motion (hereinafter referred to as the "Sale Motion") and moves this Court for an order, pursuant to the provisions of Sections 105 and 363 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rules 2002 and 6004 to authorize the sale of certain personal property assets which may comprise substantially all of the Debtor's operating assets (hereinafter referred to as the "Assets") free and clear of liens, interests and encumbrances (hereinafter referred to as the "Sale") pursuant to that certain Asset Purchase Agreement (hereinafter referred to as ("APA"), by and among TPF and Monogram Licensing, LLC (hereinafter referred to as "Monogram"), a copy of which is attached hereto as Exhibit M - 1. The Sale Motion also seeks authority and order of the Court to continue to operate TPF's food processing business located in Pecos, Reeves County Texas after the consummation of the Sale in accordance with the terms and conditions of that certain Supply Agreement as described herein. Monogram has notified the Debtor that it has assigned its rights under the APA to

1

GAA-TP, Inc. (hereinafter referred to as "GAA-TP" or the "Purchaser") pursuant to that certain Assignment and Assumption Agreement (hereinafter referred to as the "Assignment Agreement") by and among Monogram, GAA-TP and Great American Appetizers, Inc. (hereinafter referred to as "Great American"), a copy of which is attached hereto as Exhibit M-2. In connection with the Assignment Agreement, Monogram Comfort Foods, LLC, GAA-TP and Great American have also entered into that certain Brokerage Agreement, a copy of which is attached hereto as Exhibit M-3. In support of this Sale Motion, the Debtor respectfully represents as follows:

## I. JURISDICTION

This Court has jurisdiction over this Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

1. The statutory predicate for the relief requested herein is 11 U.S.C. §§ 105 and 363 of the Bankruptcy Code.

## II. INTRODUCTION

2. On June 9, 2011 (hereinafter referred to as the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtor is a Debtor-in-Possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, and conducts the day-to-day management of its food processing facility located in Pecos, Reeves County, Texas.

3. No Committee of Unsecured Creditors has been appointed in this case, and no Trustee or Examiner has been appointed.

4. The Debtor has three (3) secured creditors or purported lienholders on its property located in Reeves County, Texas. The first lienholder is City Bank Texas with an approximate debt of $4,230,400. Subordinate lien holders asserting blanket liens on inventory, equipment and receivables include; 4B Pecos Economic Development Foundation in the approximate amount

of $462,000, RDP Loan NMTC in the approximate amount of $10,830,005 and TMF Sub CDE I/II and VI in the total approximate amount of $12,795,000 (collectively, the "Junior Secured Creditors"). Pursuant to the Texas Property Code, Reeves County Tax Assessor / Collector claims a superior lien interest in the approximate amount of $45,696.05 for unpaid pre-petition property taxes of which $18,413.07 of personal property taxes are subject to this Motion as set forth in Section 32.01 *et. seq.* of the Texas Tax Code. Pursuant to the Texas Property Code, Pecos/Barstow/Toyah ISD Tax Assessor / Collector claims a superior lien interest in the approximate amount of $460,381.94 for unpaid pre-petition property taxes of which $253,763.48 of personal property taxes are subject to this Motion as set forth in Section 32.01 *et. seq.* of the Texas Tax Code.

### III. FACTUAL BACKGROUND

5. The Debtor commenced this Chapter 11 case to prevent any interruption in and to protect the value of the business while pursuing a sale, or wind down of the Debtor's business. In the Debtor's judgment, the bankruptcy filing offered the best prospects for protecting the interests of the Debtor's creditors and the parties in interest in this case.

6. The APA provides that the Purchaser will purchase substantially all operating assets used in TPF's's food processing business. The transferred operating assets include inventory, Debtor's customer supply agreements and certain equipment in Pecos, Reeves County Texas. The operating assets to be sold are part of TPF's food processing business located in Pecos, Reeves County Texas .

7. The APA requires TPF to deliver the operating assets free and clear of liens and encumbrances. The APA specifically provides that the Purchaser will assume no liabilities of the Debtor.

8. The proposed purchase price (hereinafter referred to as the "Purchase Price") under the APA is $1,500,000.00, to be paid in cash, certified check or wire transfer at the closing.

9. In the APA, TPF and the Purchaser make certain representations and warranties to each other. The APA may be terminated by either party if the other party breaches its representations, warranties or covenants.

10. The obligations of TPF and the Purchaser under the APA are conditioned upon approval of this Court.

11. The APA contemplates the sale of some of the Debtor's personal property (in the Debtor's possession as of the date of the Sale) and generally as listed on the Schedules attached to Exhibit M - 1, attached hereto and incorporated herein as if set forth verbatim.

12. Pursuant to the Assignment Agreement, Monogram assigned its rights under the APA to the Purchaser but retained the obligations under the Purchase Agreement until the Sale is consummated. While the Assignment Agreement has been executed, it is not effective until this Court issues an Order approving the Sale and such order becomes final.

13. Monogram and the Purchaser have also entered into the Brokerage Agreement which will become effective upon consummation of the Sale.

14. A condition to the consummation of the transactions contemplated by the APA is that TPF will continue to operate the TPF's food processing business located in Pecos, Reeves County Texas pursuant to the terms and conditions of that certain Supply Agreement by and among TPF, Purchaser and Great American, a copy of which is attached hereto as Exhibit M-4 (hereinafter referred to as the "Supply Agreement").

15. The Purchaser's offer under the APA is **NOT** subject to overbids. The Debtor is not selling its land and the remainder of the food processing facility in Reeves County. Further, the Debtor will retain certain equipment for use or sale in the future. The Debtor is not utilizing a competitive bidding process due to lack of cash flow to continue operations and after searching diligently,

4

inability to locate other potential purchasers, no other valid offer for the operating assets listed on M-1 has been received to date. This sale does not provide for cash or other consideration to be paid to "insiders" or "affiliates" of the Debtor as those terms are defined in Section 101 of the Bankruptcy Code.

16. The Debtor does not believe that the Sale pursuant to the APA constitutes all or substantially all of the Debtor's assets based on a fair market valuation. However, the inventory, customer supply agreements and equipment comprise substantially all of the Debtor's production capability.

17. The valid, perfected liens of secured creditors will attach to the proceeds from the sale in the order and amount as determined and allowed by this Court.

## IV. RELIEF REQUESTED

18. By this Motion, the Debtor respectfully requests authority to sell the aforementioned operating assets related to the Debtor's business free and clear of liens, interests and encumbrances by the APA attached to this Motion as Exhibit M-1 and the Assignment Agreement attached to this Motion as Exhibit M-2 and on terms and conditions set forth herein and therein.

19. By this Motion, the Debtor respectfully requests authority to continue to operate TPF's food processing business located in Pecos, Reeves County Texas after the consummation of the Sale in accordance with the terms and conditions of the Supply Agreement attached to this Motion as Exhibit M-4.

## V. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Sale of The Debtor's Operating Assets Related to Its Business.

20. Section 363 of the Bankruptcy Code provides authority for a trustee and, through the application of Bankruptcy Code Section 1107(a), a debtor-in-possession, "after notice and a hearing, [to] use,

5

sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b)(1). The authority to sell substantially all operating assets conferred upon a debtor by Section 363(b) "include[s] a sale of substantially all the assets of an estate." *Otto Preminger Films, Ltd. v. Qintex Entertainment, Inc. (In re Qintex Entertainment, Inc)*, 950 F.2d 1492, 1495 (9th Cir. 1991). Further, 11 U.S.C. § 105(a) allows the Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."

21. A Bankruptcy Court's power to authorize a sale under Section 363(b) is to be exercised at the court's discretion. *In re WPRV-TV*, 983 F.2d 336, 340 (1st Cir. 1993), *New Haven Radio, Inc. v. Meister (In re Martin-Trigona)*, 760 F.2d 1334, 1346 (2d Cir 1985), *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983); *Stephens Indus., Inc. v McClung*, 789 F.2d 386, 390-91 (6th Cir. 1986).

22. Courts in the Fifth and Ninth Circuits have authorized a sale of all or substantially all of a debtor's assets pursuant to Section 363 of the Bankruptcy Code when there is a good business reason for so doing. *In re Cajun Electric Power Corp., Inc.* 119 F.3d 349 (5th Cir. 1997). See, *e.g.*, *In re American Development Corp.*, 95 B.R. 735, 739 (Bankr. C.D. Cal. 1989) (among the factors that determines whether a good business reason exists is whether the sale is in the best interests of the estate's creditors); *In re Photocopy & Supply, Inc.*, 1994 WL 553065 at * 1 (Bankr.D. Idaho 1994) (a sale of substantially all of the debtor's assets was authorized, in the absence of a reorganization plan, when justified by a good business reason); see also, *e.g.*, *In re Martin*, 91 F.3d 395 (3rd Cir. 1996); *Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 772 F.2d 1063, 1071 (2d Cir. 1983); *In re Titusville Country Club*, 128 B.R. 396 (Bankr. W.D. Pa. 1991).

23. Courts have also required that the debtor provide reasonable and adequate notice of the sale, that the sale price be fair and reasonable, and that the sale be the result of good faith negotiations with

the buyer. See, *e.g.*, *In re Ewell*, 958 F.2d 276 (9th Cir. 1992) (declining to set aside or modify a sale pursuant to 11 U.S.C § 363 because the price was fair and reasonable and the buyer was a good faith purchaser pursuant to Section 363(m) of the Bankruptcy Code); *In re King-Wilson*, 1998 U.S. Dist. LEXIS 16595 at *11-12 (N.D. Cal. Oct. 13, 1998); *In re Canyon Partnership*, 55 B.R. 520 (Bankr. S.D. Cal. 1985); see also, *e.g.*, *In re Abbotts Dairies of Pa.*, 788 F.2d 143, 147-50 (3d Cir. 1986); *In re Tempo Technology Corp.*, 202 B.R. 363, 367 (Bankr. D. Del. 1996), *aff'd sub nom. Diamond Abrasives Corp. v. Temtechco, Inc. (In re Temtechco, Inc.)*, 141 F.3d 1155 (3d Cir. 1998).

24. In *Lionel*, the Second Circuit Court of Appeals held that the standard for the proper exercise of the debtor's discretion is a good business reason. *Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 772 F.2d 1063, 1071 (2d Cir. 1983). The Second Circuit in *Lionel* adopted, in part, the following criteria for evaluating whether a good business reason exists for authorizing a sale of substantially all of the assets of a debtor:

(1)    the proportionate value of the asset to the estate as a whole;

(2)    the amount of elapsed time since the filing of the petition;

(3)    the likelihood that a plan will be proposed and confirmed in the near future;

(4)    the effect of the proposed disposition on future plans of reorganization; and

(5)    *most importantly*, whether the assets to be sold are decreasing or increasing in value.

*Id.* at 1071. Another Court has noted that "Factors such as: 1) the proportionate value of the asset to the estate as a whole; 2) the effect of the proposed disposition on future plans of reorganization; 3) which of the alternatives of use, sale or lease the proposal envisions; and 4) the likelihood that a plan of reorganization will be proposed and confirmed in the near future are not significant

where it is apparent that the proposed sale will have the effect of a total liquidation of the debtor's assets." *In re Oneida Lake Development, Inc.*, 114 B.R. 352, 355 (Bankr. N.D.N.Y. 1990).

25. The Debtor respectfully submits that the proposed sale of substantially all of the Debtor's operating assets related to the business as set forth herein is entirely consistent with the guidelines set forth in *Lionel* and applicable law. The proposed Sale should, therefore, be approved.

26. The Debtor believes that a prompt sale will maximize the amount that the Debtor, its estate, and its creditors may realize for the value of the operating assets.

27. Moreover, the APA is the product of substantial pre-petition marketing, and good faith, pre-petition arms-length negotiations between the Debtor and Monogram. The price and the form and structure of the agreement proposed by Monogram is typical of asset purchase agreements involving food processing operations. The APA obtains a "going concern" value for equipment and saves the estate a possible $1 million loss of inventory and product.

28. One of the more important factors to be considered in a sale of substantially all of the operating assets of a debtor under Section 363(b) is whether the value of the debtor's assets will decline. *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983). Such consideration is often dispositive. *In re Boogart of Florida, Inc.*, 17 B.R. 480, 483-84 (Bankr. S.D. Fla. 1981) ("Where . . . the value of the assets is rapidly decreasing and the estates are suffering continuing losses, liquidation of assets prior to the proposal and confirmation of plans of reorganization may be desirable because it will ultimately increase the amounts distributed to creditors after plans are confirmed."). In the instant case, the Debtor has on hand $500,000 in new goods inventory (produce) and another $500,000 in packaged food products – which are both perishable in a very short period of time. Short of consummation of the transaction contemplated by the APA, the Debtor has no alternative method to obtain value from existing packaged goods and produce inventory on hand.

## B. Sale Free and Clear

29. The Debtor requests authorization to sell these Assets free and clear of liens, interests and encumbrances. Section 363(f) of the Bankruptcy Code authorizes a debtor-in-possession to sell property under Section 363(b) "free and clear of any interest in such property of any entity other than the estate" if one of the following conditions is satisfied:

    (1) applicable nonbankruptcy law permits the sale of such property free and clear of such interest;

    (2) such entity consents;

    (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

    (4) such interest is bona fide dispute; or

    (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

    11 U.S.C. § 363(f).

30. Applicable case law provides that a sale of a debtor's assets free and clear of liens, interests and encumbrances, with such liens, interests and encumbrances attaching to the net proceeds of the sale, is permissible under Section 363(f). *In re Trans World Airlines, Inc.*, 322 F.3d 283 (3d Cir. 2003). See, *e.g.*, *In re Goffena*, 175 B.R. 466, 471 (Bankr. D. Mont. 1994); *In re Granite Lumber Co.*, 63 B.R. 466, 471 (Bankr. D. Mont. 1986) ("the real and personal property of the Debtor's estate was sold by the Trustee pursuant to Section 363(f) of the Code, free and clear of liens, with valid liens to attach to the proceeds of sale."); see also, *e.g.*, *Folger Adam Security, Inc. v. DeMatteis/MacGregor, J.V.*, 209 F.3d 252, 259 (3d Cir. 2000) ("[T]he holdings of the courts suggest that any interest in property that can be reduced to a money satisfaction constitutes a

claim for purpose of § 363(f) and, therefore, attaches to the proceeds of the sale."); *In re Elliot*, 94 B.R. 343, 345 (Bankr. E.D. Pa. 1988).

31. The net proceeds of the sale will be subject to existing PACA Claims, the liens of the taxing authorities of the State of Texas on the assets to be conveyed, and City Bank Texas Claims. The Debtor does not believe that there will be any proceeds to be distributed to the Junior Secured Creditors after satisfaction of the liens with superiority.

### C. Sale in Good Faith

32. Section 363(m) of the Bankruptcy Code provides:

> The reversal or modification on appeal of an authorization under subsection (b) and (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). While the Bankruptcy Code does not define "good faith," the Ninth Circuit, in *Ewell*, has held that:

> For purpose of § 363(m), a 'good faith purchaser' is one who buys 'in good faith' and 'for value.' This court has said that 'lack of good faith' is shown by 'fraud, collusion between the purchaser and the trustee, or an attempt to take grossly unfair advantage of other bidders.'

*In re Ewell*, 958 F.2d 276, 281 (9th Cir. 1992). The Debtor submits and intends to present evidence at the Sale Hearing showing, that the negotiation of the APA was conducted in a fair manner, the result of an arms-length transaction pursuant to established marketing procedures. None of Monogram or the Purchaser Great American is an affiliate or insider of the Debtor. There

10

exists no common ownership, officers, directors or managers between TPF on one hand and Monogram, the Purchaser and Great American on the other hand.

### D. Closing and Application of Sale Proceeds

33. Closing of the Sale shall occur as set forth in Article 4 of the APA attached hereto as Exhibit M-1 as assigned to the Purchaser pursuant to the Assignment Agreement attached hereto as Exhibit M-2. The allocation of funds from the closing of the Sale shall occur, as follows, in the order set forth herein*:

   A. payment in full of the closing costs;

   B. payment in full to PACA claimants;

   C. payment in full of the pre-petition personal property taxes owed to Reeves County, Texas in the amount of $$18,413.07;

   D. payment in full of the payroll owed to the employees of TPF for the period of May 31- June 10, 2011;

   E. payment in full of the pre-petition personal property taxes owed to Pecos-Barstow-Toyah ISD in the amount of $253,763.48;

   F. payment of the default amounts pre-petition Promissory Note by and among the Debtor and City Bank Texas, in the estimated amount of $ 143,489.93;

   G. payment to any other party pursuant to subsequent order of this Court, to the extent funds are available.

*The Debtor's proposed distribution of proceeds from the Sale is attached hereto as Exhibit M-5.

## VI. NOTICE

34. In accordance with Fed. R. Bankr. P. 2002 and 6004, the Debtor hereby gives notice of the this Sale Motion by serving each and every creditor and party-in-interest appearing on the Debtor's mailing matrix.

35. The Debtor submits that such notice constitutes good and sufficient notice of the Motion, and all proceedings to be held thereon and that no other or further notice need be given.

## VII. NO PREVIOUS REQUEST FOR RELIEF

36. No previous request for the relief sought herein for the sale of substantially all of the Debtor's operating assets has been made to any Court.

## VIII. CONCLUSION

37. Based on the foregoing, the Debtor respectfully submits that the relief requested herein is necessary and appropriate, is in the best interests of the Debtor and its estate, and should be granted in all respects. The Debtor respectfully requests that the Court enter the proposed order attached hereto as Exhibit M-6 granting to the Debtor the relief requested herein and such other and further relief as is just and proper.

Respectfully submitted,

**JAMES & HAUGLAND, P.C.**
P.O. Box 1770
El Paso, Texas 79949-1770
Telephone: 915-532-3911
Facsimile: 915-541-6440

By: _____
WILEY F. JAMES, III
State Bar No. 10554300
Proposed Attorney for the Debtor

## CERTIFICATE OF SERVICE

I certify that on this 10th day of June, 2011, a true and correct copy of the foregoing was served upon the following parties listed on the Court's ECF Noticing System via electronic means, and by regular, first class mail. I further certify that on this 10th day of June, 2011, a true and correct copy of the foregoing was served, regular, first class mail upon the following parties:

U.S. Trustee's Office
615 E. Houston, Suite 533
P.O. Box 1539
San Antonio, TX 78295-1539

Gary Candy
TPF GP, LLC
2 Spence Road
Boerne, TX 78006

Bruce E. Toppin, III
Kennedy, Toppin & Sutherland, LLP
112 East Pecan Street, Suite 800
San Antonio, Texas 78205

Michael Hicks
Mullin, Hoard & Brown, LLP
1500 Broadway, Suite 700
Lubbock, TX 79401

E. Frank Childress
Robert Del Priore
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
165 Madison Ave., Suite 200
Memphis, TN 38103

and to all of the parties listed on the attached List of Creditors Holding 20 Largest Claims pursuant to L.R. 9013(c)(1)(B)

_____
WILEY F. JAMES, III

arker Produce  
P.O. Box 611  
Mesilla Park, NM  88047

Newlyweds Foods, Inc.  
Lock Box 6327  
Chicago, IL  60680

Topco  
P.O. Box 96002  
Cincinnati, OH  60693

National Onion, Inc.  
P.O. Box 7206  
Las Cruces, NM  88006

TransPecos Banks  
P.O. Box 2037  
Pecos, TX  79772

Agropur, Inc.  
Bin No. 259  
Milwaukee, WI  53288

Raymon Worldwide Design  
P.O. Box 3801  
Carol Stream, IL  60132

Stadium Funding, LLC  
112 E. Pecan St.  
San Antonio, TX  78205

StarTex Power  
P.O. Box 4802  
Houston, TX  77210

OCS Sanitation Management  
P.O. Box 630448  
Cincinnati, OH  45263

DanHil Containers, LLC  
P.O. Box 61147  
San Angelo, TX  76906

ADM Oil  
P.O. Box 66838  
St. Louis, MO  63166

Ybee Foods, LLC  
P.O. Box 2508  
Pasco, WA  99302

Leprino Foods  
1830 West 38th Ave.  
Denver, CO  80211

Preferred Freezer Svcs. - Atlanta  
518 Forest Pkwy.  
College Park, GA  30349

Bilbig Services, Inc.  
P.O. Box 460  
Schertz, TX  78145

Kennedy & Baris  
112 E. Pecan, #800  
San Antonio, TX  78205

Rite Stuff Foods, Inc.  
P.O. Box 447  
Jerome, ID  83338

Motion Industries, Inc.  
P.O. Box 849737  
Dallas, TX  75284

Jewel Apple  
P.O. Box 27  
Yakima, WA  98907

U.S. Trustee's Office  
P.O. Box 1539  
San Antonio, TX  78295-1539

Gary Candy  
PF GP, LLC  
Spence Road  
Boerne, TX  78006

Bruce E. Toppin, III  
Kennedy, Toppin & Sutherland  
112 E. Pecan St., Suite 800  
San Antonio, TX  78205

Michael Hicks  
Mullin, Hoard & Brown, LLP  
1500 Broadway, Suite 700  
Lubbock, TX  79401

R. Frank Childress  
Robert DelPriore  
Baker, Donelson, Bearman, Caldwell  
165 Madison Ave., Suite 200  
Memphis, TN  38103

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TRANSPECOS FOODS, L.P. | § | Case No. |
| | § | Chapter 11 |
| Debtor. | § | |

**AFFIDAVIT IN SUPPORT OF DEBTOR'S MOTION TO AUTHORIZE THE SALE OF SUBSTANTIALLY ALL OPERATING ASSETS RELATED TO THE DEBTOR'S BUSINESS FREE AND CLEAR OF LIENS, INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363 AND FOR AUTHORITY TO ENTER INTO A SUPPLY AGREEMENT TO ALLOW THE CONTINUED OPERATION OF DEBTOR'S BUSINESS AFTER THE SALE**

Gary Candy, being duly sworn, deposes and states:

I am the Manager of TPF GP, LLC, the general partner of the Debtor, TransPecos Foods, L.P. a debtor and debtor in possession in the proceedings. I am generally familiar with the day-to-day operations, business and financial affairs and books and records of Debtor.

1. On June 9, 2011 (the "Petition Date"), Debtor and debtor in possession (the "Debtor") filed a petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Texas, El Paso Division.

2. I submit this Affidavit in support of the Motion to Authorize the Sale of Substantially All Operating Assets Related to the Debtor's Business Free and Clear of Liens, Interests and Encumbrances Pursuant to 11 U.S.C Section 363 and For Authority to Enter Into a Supply Agreement to Allow the Continued Operation of Debtor's Business After the Sale. All facts set forth in this Affidavit are based on my personal knowledge, upon information supplied to me by others employed by the Debtor, upon my review of relevant documents, or upon my opinion based upon my experience and knowledge of the Debtor's operations, financial conditions and its present liquidity crisis. If I were called upon to testify, I could and would testify competently to the facts set forth herein. I am duly authorized to submit this Affidavit.

3. In the Debtor's exercise of its business judgement, the proposed transaction (1) represents a business decision, (2) is made with disinterestedness, (3) is made with due care, (4) is made in good faith and (5) does not constitute an abuse of discretion or waste of corporate assets.

4. In the sale context, (1) there is a sound business purpose for the sale, (2) the proposed sale price is fair, (3) the Debtor has provided adequate and reasonable notice of the transaction and (4) the buyer has acted in good faith.

FURTHER AFFIANT SAYETH NAUGHT

_____
Gary Candy, Manager
TPF GP, LLC, General Partner
TransPecos Foods, LP

SWORN TO AND SUBSCRIBED before me on this the 9th day of June, 2011

JANET J. SINCLAIR
NOTARY PUBLIC
In and for the State of Texas
My commission expires
February 12, 2014

_____
Notary Public in and for the
State of Texas
My Commission Expires:

16

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| TRANSPECOS FOODS, L.P. | § § § | Case No. 11-31124<br>Chapter 11 |
| Debtor. | § | |

## INDEX TO MOTION TO AUTHORIZE THE SALE OF SUBSTANTIALLY ALL OPERATING ASSETS RELATED TO THE DEBTOR'S BUSINESS FREE AND CLEAR OF LIENS, INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363 AND FOR AUTHORITY TO ENTER INTO A SUPPLY AGREEMENT TO ALLOW THE CONTINUED OPERATION OF DEBTOR'S BUSINESS AFTER THE SALE AND MEMORANDUM OF POINTS AND AUTHORITIES

Exhibit M - 1    Asset Purchase Agreement by and among TransPecos Foods, LP and Monogram Licensing, LLC; Assignment; Assumption Agreement by and among Monogram Licensing, LLC, GAA-TP, Inc. and Great American Appetizers, Inc.; Form of Supply Agreement

Exhibit M – 2    Debtor's Proposed Distribution of Proceeds from the Sale